# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## STATE OF TENNESSEE v. JAMES AUSTIN

### Direct Appeal from the Circuit Court for Shelby County
### No. 00-04749    John P. Colton, Jr., Judge

---

### No. W2004-00510-CCA-R3-CD  - Filed April 14, 2005

---

DAVID G. HAYES, Judge, dissenting.

The majority concludes that modification of the defendant's sentence is required in light of the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. _____, 124 S. Ct. 2531 (2004). I must respectfully dissent.

The majority's analysis of the issue ends with the finding of *Blakely* error. Clearly, this was not the import of the Supreme Court's recent holding in *U.S. v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005), wherein the Court opined that not "every [*Blakely/Booker*] appeal will lead to a new sentencing hearing. That is because we expect reviewing courts to apply ordinary prudential doctrines determining, for example, whether the issue was raised below and whether it fails the 'plain-error-test.'" No such test was performed in this case. After review, I find the evidence overwhelmingly supports application of sentencing enhancement factors (3), leader in the commission of the offense, and (11), the defendant committed a crime where the risk to human life was high. In the midst of a crowd of thirty to fifty people, the defendant began firing his weapon. Additionally, although not found by the trial court, the proof supports application of enhancement factor (10), employment of a firearm. The Supreme Court has held that generally to establish "plain-error," the defendant must make a specific showing of prejudice. *United States v. Cotton*, 535 U.S. 625, 631, 122 S. Ct. 1781, 1785 (2002). Interestingly, the defendant does not contest factual application of the enhancing factors. Thus, failure to perform plain-error review as contemplated by the Supreme Court grants the defendant an undeserved windfall. I find that under plain-error review, had a jury heard the sentencing proof, they would have found the above factors applicable. For this reason, no prejudice is shown. Accordingly, I would affirm the sentence imposed by the trial court.

_____
David G. Hayes, Judge